## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **DOMAIN PROTECTION, LLC** | § | |
| | § | |
| **V.** | § | **CASE NO. 4:18-CV-792** |
| | § | |
| **SEA WASP, LLC, VERNON** | § | |
| **DECOSSAS, AND GREGORY FAIA** | § | |

## SEA WASP'S NOTICE OF REQUEST FOR THE COURT TO SET THE DEPOSITION OF DOMAIN PROTECTION, LLC AND PERMIT SEA WASP TO PROCEED TO SEEK SANCTIONS, AS APPROPRIATE REGARDING PLAINTIFF AND LISA KATZ

Defendant Sea Wasp, LLC ("Sea Wasp") files this Notice of Request for the Court to order the setting of the Rule 30(b)(6) deposition of Domain Protection, LLC and confirming permission to seek sanctions or other relief against either or both of Domain Protection, LLC and Lisa Katz, as follows:

### I

### Inability to Meet and Confer re. Domain Protection's 30(b)(6)'s Deposition

During the Court's scheduled telephone conference at 8 a.m. today, the Court directed the parties on the teleconference to meet and confer. That direction was given to Gary Schepps as attorney for Plaintiff and to Roger Sanders and David Vinterella as attorneys for Defendant Sea Wasp. At approximately 8:35 a.m. the undersigned and Mr. Vinterella together called both Mr. Schepps' office and personal cell lines. There was no response. A message was left on Mr. Schepp's office voice mail, giving the separate phone numbers of each Sea Wasp lawyer and requesting a return call. A follow-up email was sent (see Ex. "A."). It confirmed that call and set out two additional times that counsel for Sea Wasp would hold open for consultation on the Rule 30(b)(6) deposition: 12 noon and 1 p.m. on May 3, 2019. There was no restriction, however, for other times to consult on May 3, 2019.

Since Mr. Schepps did not call at 12:00 noon, a few minutes after noon the undersigned and Mr. Vinterella together again called both Mr. Schepps' office and personal cell lines. There was no response. A message was again left on Mr. Schepps' office voice mail giving the separate phone numbers of each Sea Wasp lawyer and requesting a return call. A follow-up email was sent (see Ex. "B."). It confirmed that call, and reminded Mr. Schepps of the additional specific time that counsel for Sea Wasp would hold open for consultation: 1 p.m. There was no restriction, however, for other times to consult on May 3, 2019.

In the interim Mr. Schepps sent an email saying, in effect, he would not consult unless Sea Wasp's lead counsel designated with the Court was on the phone line. See Exhibit "C." Ms. Liane Janovsky, who had had a recent surgery to remove her appendix, had earlier notified Mr. Schepps that the undersigned was the contact person for a "meet and confer" on discovery matters. See Exhibit "D." Despite that a) good cause for a substitute lead counsel to confer and b) despite the Court's direction for the lawyers on the 8:00 a.m. conference call – Schepps, Sanders, and Vinterella -- to meet and confer, the undersigned prepared (with Mr. Vinterella's approval) an Amended Notice of Appearance designating the undersigned as lead counsel. [Dkt. #125]. It was filed at 12:52 p.m. Presumably that filing would eliminate Mr. Schepp's latest-stated obstacle to a "meet and confer."

Just after 1 p.m. the undersigned and Mr. Vinterella together called both Mr. Schepps' office and personal lines. There was no response. A message was again left on Mr. Schepps' office voicemail giving separate phone numbers of each Sea Wasp lawyer and requesting a return call. A follow-up email was sent (see Ex. "E."). It confirmed that call.

**II.**

**Inability to Meet and Confer Re. Lisa Katz Deposition**

The Court's minute entry of 8:14 a.m. today references deposition<u>s</u>, plural. Since Ms. Katz elected to ignore the subpoena properly served on her in her individual capacity on April 27, Sea Wasp understands it may file a motion to compel and/or for sanctions as the rules may allow. Nevertheless, at 9:02 a.m. the undersigned and Mr. Vinterella did email the lawyer Mr. Schepps identified as representing Ms. Katz, Mr. Marc Katz. See Exhibit "F."

Further, at 9:26 a.m. the undersigned sent Mr. Katz a copy of the Court's 8:14 a.m. minute entry.

Finally, at 1:08 p.m. today the undersigned and Mr. Vinerella together called the law office of Mr. Katz in an effort to speak to him regarding the deposition issues related to his mother's failure to appear yesterday, May 2, 2019, and potential rescheduling. Mr. Katz was reportedly at lunch and the undersigned and Mr. Vinterella provided our respective mobile phone numbers for a return call. As of the filing of this Notice, there has been no responsive email or phone call from Mr. Katz regarding any of the three efforts to "meet and confer." In fact, there is not even a confirmation of Mr. Schepps' announcement that Mr. Katz was serving as Lisa Katz personal attorney in this matter.

**III.**

**Request of the Court**

The Court directed a "meet and confer" between counsel for Plaintiff and counsel for Defendant Sea Wasp. Good faith efforts have been made. To the extent that the Court directed a "meet and confer" with potential personal counsel for Ms. Lisa Katz, good faith efforts have been made. Neither set of efforts has been successful. Accordingly, this notice is filed.

Defendant Sea Wasp requests the Court to order the Rule 30(b)(6) deposition of Domain Protection, LLC to proceed at 9 a.m. on May 10, 2019, at 111 S. Travis St., Sherman, Texas 75090 on the four topics noticed to Mr. Schepps as Domain Protection, LLC's counsel, on April 25, 2019, to wit:

1. The role of Ms. Katz in any aspect of the facts giving rise to Domain Protection, LLC's claim of right to seek judicial relief against Sea Wasp, LLC; Ms Katz knowledge of and role as representative of Quantec, LLC as set forth in Judge Sam Lindsay's February 28, 2014, order and his other orders; her knowledge of and role in transferring or disposing of Quantec, LLC's interest in the Quasar Portfolio of domain names, and any who assisted her in any way or were otherwise involved; her knowledge of and role in the formation of Domain Protection, LLC in Virginia and/or Texas, including those who assisted her in any way or were otherwise involved; her knowledge of and role in financial interests in Domain Protection, LLC; her knowledge of and role in accepting any monies or things of value from anyone associated with or working on behalf of Domain Protection, LLC; her current role for Domain, LLC; and anything she claims has impacted or altered her capacity to testify fully in response to the notice for her deposition in this matter.

2. The ownership and/or possessory interests of Domain Protection, LLC which confer standing or a right of Domain to make the claims it is making in this case.

3. The existence, description, and location of all records or tangible things that relate to the foregoing categories, including the documents requested in Requests for Production Nos. 1 through13 forwarded to Gary Schepps as attorney for Domain Protection, LLC on or about August 8, 2018.

4. The quantum and records for any attorney's fee or legal expense claim by Domain Protection, LLC in this or related matters, or for claims in other matters existing or intended against Sea Wasp, LLC.

Defendant Sea Wasp proceeds with a request only for the ordering of the deposition of Domain Protection, LLC, with the understanding that the Court has given Sea Wasp the opportunity to seek sanctions against each of both Plaintiff Domain Protection, LLC and/or Ms. Lisa Katz. At this point Defendant Sea Wasp seeks more time to determine if a scheduling of Ms. Katz deposition is appropriate, allowing for a) confirmation that Mr. Marc Katz will be representing Ms. Lisa Katz, or someone else, and b) the ability to meet and confer on the issues

relating to Ms. Katz in this matter. It has not even been reasonably possible to determine the identify of Ms. Katz' personal lawyer.

## Prayer

Therefore, given the lateness in the day, the Court's prior commitments, and the need to seek some relief before the end of this business day, Defendant Sea Wasp respectfully gives notice as directed by this Court in the May 3, 2019, 8:00 a.m. conference call, and requests relief as the Court may determine appropriate based on this notice, including the ordering of the Rule 30(b)(6) deposition of Domain Protection, LLC.

Respectfully submitted,

/s/ *Roger Sanders*
Roger D. Sanders
TX State Bar No. 17604700
roger.sanders@somlaw.net

**SANDERS, MOTLEY, YOUNG & GALLARDO**
111 South Travis Street
Sherman, Texas 75090
(903) 892-9133
(903) 892-4302 (fax)

/s/ Liane A. Janovsky
Liane A. Janovsky
Texas Bar No. 00784330
liane@janovskylaw.com

JANOVSKY & ASSOCIATES
2591 Dallas Parkway, Suite 300
Frisco, TX 76034
(214) 396-0707 (telephone)
(682) 224-8987 (facsimile)

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to all parties to this matter via the electronic delivery system of the Eastern District of Texas, Sherman Division.

     So certified on this 3rd day of May, 2019.

                                                          /s/ *Roger Sanders*
                                                          Roger D. Sanders