**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **DOMAIN PROTECTION, LLC** | § | |
| | § | |
| V. | § | CASE NO. 4:18-CV-792 |
| | § | |
| **SEA WASP, LLC, VERNON** | § | |
| **DECOSSAS, AND GREGORY FAIA** | § | |

**SEA WASP'S SUPPLEMENT TO NOTICE FILED ON MAY 3, 2019**
**PURUSANT TO COURT ORDER**

Defendant Sea Wasp, LLC ("Sea Wasp") files this Supplement to Sea Wasp's Notice of Request for the Court to Set the Deposition of Domain Protection filed with the Court at the Curt's direction on May 3, 2019 [Dkt. #126], and would respectfully show, as follows:

**I**

**Status of Meet and Confer re. Domain Protection's 30(b)(6)'s Deposition**

On Monday, May 6, 2019, Domain Protection, LLC's counsel notified that he was now ready to meet and confer sometime during May 6. Counsel for Sea Wasp informed Domain Protection that he wished to record the telephone conference, and invited Domain Protection's counsel to do the same. A telephonic record would lessen the chance of a dispute about the "meet and confer" process. However, Domain Protection's counsel threatened a motion for sanctions for discovery abuse if the call was recorded by someone other than a court reporter who gave him prompt access to the transcription of the conference. Counsel for Domain Protection was requested to provide any legal authority for that proposition, He did not.

At 3 p.m. counsel for Sea Wasp, the undersigned and David Vinterella together called counsel for Domain Protection on May 6. The subject of recording was raised and counsel for Domain Protection refused to meet and confer if the call were to be recorded without a court

1

reporter. To eliminate this latest obstacle to the" meet and confer," Sea Wasp counsel represented that no recording would be made by them. Following that, Domain Protection counsel first posited that he had not necessarily been adequately served with notice, despite having been sent notice by email the notice re-setting the Domain Rule 30(b)(6) Deposition for next Friday, May 10 at 9 am, one week after it failed to appear. To further address that claim, ECF notice has been sent to Mr. Schepps.

Second, Domain Protection's counsel raised objections to the four noticed topics essentially as before, summarized here:

1) the role of Ms. Lisa Katz:[objection: there was no necessity to take the deposition of Domain since there was no issue in the case in light of Domain Protection's position on the law; and presenting a corporate representative would violate the proportionality discovery concept;

2) the basis for the claim to seek the relief here being sought by Domain Protection [objection: not necessary and unduly burdensome];

3) the location and particulars of documents sought in Requests for Production 1-13 [objection: already objected to and those objection are pending/unresolved in Sea Wasp's Motion to Compel, Dkt. #119]; and

4) the amount and basis for attorneys sought by Domain Protection against Defendant Sea Wasp [objection: the topic and scope were unclear].

Defendant Sea Wasp respectfully declined to alter the four noticed topics, showing that as to topic Number 1, Domain Protection had filed on May 1, 2019, a Motion for Summary Judgment predicated in substantial part upon the declaration of Lisa Katz, Domain Protection's manager, a declaration spanning 17 pages. [Dkt. #123, Ex. 18]. That declaration matched, if not

2

exceeded the scope of the expected information from a Domain Protection representative, and surely prevented surprise or undue burden if Ms. Katz, the sole employee of Domain Protection, were to testify. However, Sea Wasp did also point out that another order of Judge Sam Lindsay specifically set out limitations on Ms. Katz authority, and that was in addition to the specific order of Judge Lindsay dated February 28, 2014.

Also, on topic number 4 dealing with attorney's fees claimed by Domain Protection against Defendant Sea Wasp, the undersigned informed counsel that no confidential, privileged attorney client information was being sought. Other than that, Sea Wasp stood on the language of the four noticed topics. So, in keeping with the court's direction on May 3 that the "depositions be set for next week", the deposition of Domain Protection will be taken May 10, 2019, absent a court order affecting that time, place, or set of topics. Domain Protection's counsel, however, has threatened a motion for protective order to prevent the deposition for unspecified reasons. Sea Wasp is available for resolution of any matters pertaining to the direction of the Court on May 3, 2019, either before this Court or on the Eastern District Hotline.

Here ends the Notice to the Court.

**Prayer**

Therefore, Defendant Sea Wasp respectfully gives this supplemental notice pursuant to direction of the Court as made in the Court's May 3, 2019, 8:00 a.m. conference call.

Respectfully submitted,

    /s/ *Roger Sanders*
Roger D. Sanders
TX State Bar No. 17604700
roger.sanders@somlaw.net

**SANDERS, MOTLEY, YOUNG & GALLARDO**
111 South Travis Street
Sherman, Texas 75090
(903) 892-9133
(903) 892-4302 (fax)

/s/ Liane A. Janovsky
Liane A. Janovsky
Texas Bar No. 00784330
liane@janovskylaw.com

JANOVSKY & ASSOCIATES
2591 Dallas Parkway, Suite 300
Frisco, TX 76034
(214) 396-0707 (telephone)
(682) 224-8987 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to all parties to this matter via the electronic delivery system of the Eastern District of Texas, Sherman Division.

So certified on this 6th day of May, 2019.

    /s/ *Roger Sanders*
Roger D. Sanders