# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| DOMAIN PROTECTION, LLC, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-792 |
| | § | Judge Mazzant |
| SEA WASP, LLC, ET. AL. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Sea Wasp, LLC has filed a "Cross-Complaint for Interpleader" (Dkt. #90), which would add Quantec, LLC ("Quantec") and RPV, LTD ("RPV") to this dispute—both of whom unsuccessfully sought to intervene roughly a year ago (Dkt. #15; Dkt. #52). Plaintiff Domain Protection, LLC ("Domain Protection"), in turn, filed a Motion to Strike Interpleader (Dkt. #94). Domain Protection argues that Sea Wasp lacked the authority to file the Interpleader without seeking leave of court. The Court agrees.

Cross claims must be raised as "part of the answer, not a separate pleading." Judge Virginia A. Phillips & Judge Karen L. Stevenson, RUTTER GROUP PRAC. GUIDE: FEDERAL CIV. PRO. BEFORE TRIAL-NAT. ED., ¶ 8:1335 (The Rutter Group 2009) (citing FED. R. CIV. P. 7). This is because Rule 7 limits "pleadings" to complaints, answers and, where permitted, a reply to an answer. FED. R. CIV. P. 7. And, by the time Sea Wasp attempted to file its Cross Claim for Interpleader (Dkt. #90), it had already filed its Answer to the operative complaint several months earlier (*compare* Dkt. #5 *with* Dkt. #90). This means that, by filing the Interpleader, Sea Wasp effectively tried to amend its Answer—without receiving permission from the Court to do so.

Sea Wasp denies that an interpleader is an amended pleading since interpleaders are authorized by Rule 22 and by statute. The Court disagrees. The fact that parties are authorized to seek an interpleader does not mean that interpleaders can be filed without regard to the

rules applicable to all pleadings. In fact, Rule 22 expressly describes an interpleader brought by a defendant as a "crossclaim" or "counterclaim." FED. R. CIV. P. 22. Interpleaders are thus subject to the ordinary rules applicable to those claims—including that they are to be filed as "part of the answer, not a separate pleading." *See* Judge Virginia A. Phillips & Judge Karen L. Stevenson, RUTTER GROUP PRAC. GUIDE: FEDERAL CIV. PRO. BEFORE TRIAL-NAT. ED., ¶ 8:1335 Group 2009) (citing FED. R. CIV. P. 7) ("Like counterclaims, a crossclaim is part of the answer, not a separate pleading.").

Sea Wasp's failure to seek leave before filing the interpleader was improper as a result. The Scheduling Order directs the Parties to seek leave before filing an amended pleading (Dkt. #65 at pp. 1-2). Courts have excused failures to comply with the Court's Scheduling Order on a showing of good cause. *See S&W Enters., LLC v. Southtrust Bank of Ala, NA*, 315 F.3d 533, 535-36 (5th Cir. 2003) (setting this standard though in a different context). But Sea Wasp has never explained why it did not file the Interpleader with the Answer—even though it plainly had notice of any interest Quantec and RPV may have in this dispute from their unsuccessful attempts to intervene. Nor has Sea Wasp explained why it did not seek leave before filing the Interpleader now.

Filing a motion for leave, which would have explained why the interpleader could be filed, would have been especially proper since there are at least three reasons why leave may not have been granted. *See* FED. R. CIV. P. 7(b) (explaining that motions must "state with particularity the grounds for seeking the order"). First, as Sea Wasp has noted, a dispute concerning the ownership of the domain names at issue is already pending in a bankruptcy case (Dkt. #60 at p. 5 n.6). An interpleader may consequently lead to inconsistent rulings by two courts based on the same dispute. *See Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (citing futility

2

of amendment as a consideration on a motion for leave). Second, the Court has already denied Quantec and RPV's motion to intervene on two occasions (Dkt. #40; Dkt. #147)—suggesting that an interpleader may be simply a vehicle to circumvent those decisions.[1] *See id.* (citing "bad faith or dilatory motive on the part of the movant" as a consideration on a motion for leave). Third, Sea Wasp has asked to be excused from the Court's ordinary rules on several occasions by filing motions to file late, additional, or unusually long briefs (*see* Dkt. #79; Dkt. #83; Dkt. #120; Dkt. #143). The Court cannot accommodate every request to deviate from court rules that ensure the timely and efficient disposition of cases—especially when Sea Wasp provides no explanation for such a failure. *See id.* (citing undue delay as a consideration on a motion for leave).

Plaintiff Domain Protection LLC's Motion to Strike Interpleader (Dkt. #94) is **GRANTED** for these reasons.

Plaintiff Domain Protection LLC's Motion to Dismiss Interpleader (Dkt. #98) is therefore **DENIED AS MOOT**.

The Clerk of the Court is **DIRECTED** to strike Plaintiff Sea Wasp LLC's Cross-Complaint for Interpleader (Dkt. #90).

**IT IS SO ORDERED.**

 **SIGNED this 17th day of July, 2019.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[1] The initial motion to intervene was denied before this case was transferred from the Northern District of Texas to the Eastern District of Texas.