# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| DOMAIN PROTECTION, LLC, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-792 |
| | § | Judge Mazzant |
| SEA WASP, LLC, ET. AL. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Movant Conrad Herring's Motion to Disqualify Gary Schepps, counsel for Plaintiff Domain Protection, LLC ("Domain Protection") (Dkt. #66). Herring contends that Schepps previously represented his clients in a substantially similar matter, and should be disqualified as a result. Although his clients are not parties to this case, having unsuccessfully tried to intervene,[1] Herring now brings this motion in his personal capacity, as an officer of the Court.

Domain Protection argues that Herring lacks standing to bring the motion, and the Court agrees. The Fifth Circuit requires parties "seeking to disqualify opposing counsel on the ground of a former relationship" to have "an actual attorney-client relationship between the moving party and the attorney he seeks to disqualify." *In re Am. Airlines, Inc.*, 972 F.2d 605, 614 (5th Cir. 1992). This is because, on a motion to disqualify based on an attorney's prior representations, "the only real party in interest" is the former client. *In re Yarn Processing Patent Validity Litig.*, 530 F.2d 83, 90 (5th Cir. 1976). The former client rule has been strictly interpreted.

The Fifth Circuit's decision in *Yarn Processing* is illustrative. 530 F.2d at 90. In that case, a former patent owner (the "Former Owner") moved to disqualify an attorney who had previously

---

[1] Defendant Sea Wasp, LLC had also filed an Interpleader that added Baron, Quantec, and RPV to the action (Dkt. #90). But the Interpleader has been struck from the docket (Dkt. #190).

provided it legal advice concerning the patent. Before the motion as resolved, the Former Owner

had been dismissed from the case, rendering the motion moot. This prompted the current patent

owner (the "Current Owner") to file a motion to disqualify the same attorney. The Current Owner

argued that it had standing to seek disqualification since "it had a right to expect that the validity

and enforceability of that patent would not be subject to attack by counsel who had represented

[the Former Owner] on substantially related subject matter." *Id.* The Current Owner added that,

because it was involved in a joint venture with the Former Owner, the Former Owner had a

financial interest in the movant's success in the case at issue. The Fifth Circuit was unconvinced.

It reasoned that "[t]he relationship between an attorney and his client is *personal*" and could,

therefore, be invoked only by the Former Client. *Id.* at 89–90 (emphasis added).

This case is comparable. Herring does not contend that Schepps represented him in any

prior proceeding. Instead, he attempts to disqualify Schepps based on Schepp's prior

representation of Jeffrey Baron, Quantec, LLC ("Quantec"), and RPV, LTD ("RPV")—three

clients whom he represents in another matter. As Schepp's former clients, Baron, Quantec, and

RPV were the only parties who could seek to disqualify him based on his representation of them.

They did not do so and, in fact, are not parties to this action (Dkt. #40; Dkt. #147). Herring's

motion to disqualify Schepps—filed in an apparent attempt to circumvent the orders denying the

Former Clients' motions to intervene—fails as a result.[2]

Herring insists that he has standing to seek Schepp's disqualification, nevertheless. He

concedes that the Fifth Circuit has never held that an attorney can seek disqualification based on

prior representations. But he contends that he has standing by virtue of being an Officer of the

Court (Dkt. #74 at p. 8). The Court acknowledges that the Fifth Circuit has allowed Officers of

---

[2] Herring's motives are apparent since the Former Clients had already raised Schepp's purported conflicts of interest in their motion to intervene (Dkt. #15), which was denied by the Judge overseeing this case at that time (Dkt. #40).

the Court to seek disqualification where an attorney is *actively representing* two parties with adverse interests. *See, e.g. Brown & Williamson Tobacco Corp. v. Daniel Intern. Corp.*, 563 F.2d 671, 673 (5th Cir. 1977). But the Court declines to extend this principle to motions to disqualify based on an attorney's *prior representation* for two reasons. First, when adverse parties are *presently* represented by a single attorney, it is fair to assume that neither party has a legal advocate who will raise this concern for them. This is not the case when a potential conflict of interest arises between an attorney's new client and his *former* one who, by definition, has new counsel. More importantly, since *Yarn Processing* was decided, several Fifth Circuit panels have reiterated that motions to disqualify based on an attorney's prior representation must be brought by that attorney's former clients. *See Am. Airlines*, 972 F.2d at 614; *Johnston v. Harris Cty. Flood Control Dist.*, 869 F.2d 1565, 1569 (5th Cir. 1989); *Yarn Processing*, 530 F.2d at 90. A rule that allowed officers of the Court to bring disqualification motions based on *prior representations* would overturn the *Yarn* line of cases—something neither this Court nor the panel deciding *Brown* (which was decided after *Yarn*) has the authority to do. *See Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008) ("It is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in law, such as by a statutory amendment, or the Supreme Court, or our *en banc* court.").

Accordingly, Movant Conrad Herring's Motion to Disqualify Schepps, counsel for Plaintiff Domain Protection, LLC (Dkt. #66) is **DENIED**.

**IT IS SO ORDERED.**
 **SIGNED this 22nd day of July, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE