# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| DOMAIN PROTECTION, LLC, | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 4:18-cv-792 |
| | § | Judge Mazzant |
| SEA WASP, LLC, ET. AL. | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Domain Protection's Motion for Appointment of a Receiver Over Defendant Sea Wasp, LLC, to Effect Compliance with this Honorable Court's Preliminary Injunction Order and for Further Relief (Dkt. #256). Having considered the Motion and the relevant pleadings, the Court finds that Plaintiff's Motion is **DENIED**.

## BACKGROUND

For a detailed resuscitation of the facts of this case, see Dkt. #191. As for this Motion, the relevant facts are as follows. On July 17, 2019, the Court entered a Preliminary Injunction Order (Dkt. #192). The Order enjoined Sea Wasp from "interfering with Domain Protection's control over the Domain Names, including its ability to update the nameserver records associated with the Domain Names" (Dkt. #192). Since the Court's Preliminary Injunction Order, the procedural history of this case has become even more muddled than it already was. *See* Dkt. #192 (describing the cases history). On August 7, 2019, the Court held a Hearing on Motions. Specifically, the Court heard: (1) Plaintiff's Emergency Motion for Order to Show Cause Why Defendants Sea Wasp, LLC, Faia, and Decossas Should Not be Held in Contempt for Defiance of the Amended Preliminary Injunction Order Entered by This Court on the Morning of July 17, 201[9] (Dkt. #198); and (2) Sea Wasp, LLC's Expedited Motion to Stay (Dkt. #199). The Court took

both matters under advisement. Ultimately, Sea Wasp's Motion to Stay was denied (Dkt. #230). Plaintiff's Motion for Order to Show Cause is still being considered by the Court.

Meanwhile, litigation concerning this matter was proceeding outside of federal court. On August 23, 2019, Baron, et. al., "obtained an *ex-parte* temporary restraining order in [] state court" (Dkt. #256, Exhibit C). The state court's order stated that "Sea Wasp agree[d] to this requested relief" (Dkt. #256, Exhibit C). Sea Wasp then filed a Supplemental Notice of Compliance notifying the Court "of the TRO and the undersigned's objection to the state court statement that Sea Wasp had agreed to the TRO" (Dkt. #259) (citing Dkt. #239). Sea Wasp claims it "absolutely did not" support the statement of the state court (Dkt. #259) (citing Dkt. #239). Sea Wasp then filed a Second Supplemental Notice of Compliance with the Court on August 27, 2019 and expressed concern that it was caught between two competing orders (Dkt. #241). On September 6, 2019, Sea Wasp "provided the state court with a copy of this Court's July 17 and August 20 injunction orders" (Dkt. #259). "Despite possessing a copy of this Court's orders, the state court signed an Amended Temporary Restraining Order on September 9" (Dkt. #259). Sea Wasp again notified the Court of the state court proceedings by filing its Third Supplemental Notice of Compliance with the Court on September 10, 2019 (Dkt. #246). Finally, on September 16, 2019, the state court dissolved the Temporary Restraining Order (Dkt. #256; Dkt. #259).

During this time, Domain Protection asserts that Sea Wasp has continually interfered with its Domain Names and disregarded the Courts Preliminary Injunction Order (Dkt. #256). Specifically, Domain Protection alleges that "defendants are interfering with Domain Protection's control over renewing its domain names" (Dkt. #256). This interference has manifested itself, Domain Protection claims, through Sea Wasp's requirement that Domain Protection agree to certain "terms and conditions" to renew any expired Domain Names. Those conditions

purportedly include that Domain Protection agree: "(1) for Sea Wasp to seize all of its domain names; (2) to indemnify Sea Wasp for its liability and attorneys' fees in the instant proceeding; (3) that all disputes between Domain Protection and Sea Wasp will be resolved by a single arbitrator of Sea Wasp's choosing" (Dkt. #256, Exhibit F). Further, Domain Protection claims that "Sea Wasp has also refused to return the domain names that Sea Wasp transferred from Domain Protection to itself (or an affiliate) during the period that Domain Protection's motion for preliminary injunction was pending" (Dkt. #256). Sea Wasp counters that the Court's Preliminary Injunction Order only concerns the removal of the executive locks on the Domain Names and does not "order Sea Wasp to provide the relief Plaintiff now seeks" (Dkt. #259). Namely, the Court's Order does not require Sea Wasp to renew the Domain Names at no cost and free from the terms that other customers must agree to (Dkt. #259). Sea Wasp further claims that Domain Protection is free to transfer any of its Domain Names because the executive locks have been removed in compliance with the Court's Preliminary Injunction Order (Dkt. #259). All that Domain Protection needs to do, according to Sea Wasp, is renew those Domain Names that have expired (Dkt. #259). Sea Wasp additionally states that it "stands ready to provide the services Plaintiff appears to be asking for: a list of authentication codes for the names Mr. Schepps claims he want[s] to manage" (Dkt. #259). The Court now considers Domain Protection's Motion.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure Rule 66, a district court has the power to appoint a receiver "to take possession of the judgment debtor's property for preservation . . . ." *Santibanex v. Wier McMahon & Co.*, 105 F.3d 234, 241 (5th Cir. 1997) (discussing FED. R. CIV. PRO. 66); *see also Securities & Exchange Comm'n v. First Fin. Group of Tex.*, 645 F.2d 429,439 (5th Cir. 1981) ("The appointment of a receiver is "within the discretion of the court, as an ancillary to preliminary

injunctive relief."). A party may seek the appointment of a receiver if they show "an interest in certain property or a relation to the party in control or ownership thereof such as to justify conservation of the property by a court officer." *Id.* (citing 7 James Moore *et al.,* Moore's Federal Practice ¶ 66.05[1] (2d. ed. 1996). A district court, in its sound discretion, determines what evidence to consider when determining whether to appoint a receiver. *See id.* (citing 12 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2983 (1973)). When making the final determination of whether to appoint a receiver, a court may consider several factors including:

> a valid claim by the party seeking the appointment; the probability that fraudulent conduct has occurred or will occur to frustrate that claim; imminent danger that property will be concealed, lost, or diminished in value; inadequacy of legal remedies; lack of a less drastic equitable remedy; and likelihood that appointing the receiver will do more good than harm

*Id.* at 241–42 (citing *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316–17 (8th Cir.1993)).

## ANALYSIS

Pursuant to the Court's Preliminary Injunction Order, "Sea Wasp is ENJOINED from interfering with Domain Protection's control over the Domain Names, including its ability to update the nameserver records associated with the Domain Names" (Dkt. #192). As noted in footnote 16, however, "Sea Wasp may . . . exercise any control over the Domain Names that is proper under the UDRP and not inconsistent with this Order . . . ." (Dkt. #192). Domain Protection is effectively asking the Court to Order that Sea Wasp renew Domain Protection's expired Domain Names free of cost and free of any terms of service. That is not what the Court's Preliminary Injunction Order requires. Sea Wasp has made it abundantly clear that Domain Protection is free to control its Domain Names. Indeed, Sea Wasp has lifted the executive lock on the Domain Names (DKt. #259). All that Sea Wasp is requesting is that Domain Protection renew any Domain

4

Names that have expired; the same request that Sea Wasp would make to any other customer (Dkt. #259). Sea Wasp's conduct is far from conduct that warrants a receiver. *Santibanex*, 105 F.3d at 241.

Under the *Santibanex* factors, it is evident that the appointment of a receiver is unnecessary. Sea Wasp has not acted fraudulently. Rather, Sea Wasp has made the steps for renewal of the Domain Names abundantly clear—steps that are not governed by the Court's Preliminary Injunction Order. There is no risk to Domain Protection's Domain Names. *Id.* All Domain Protection needs to do is comply with the same terms and services that any other customer would have to comply with. Domain Protection has not proposed any "less drastic equitable remedy." *Id.* As has been the custom in this case, Domain Protection has not sought the middle ground but opted for a more extreme remedy. When these factors are considered mutually, it is readily apparent that Domain Protection does not have a valid claim to seek appointment of a receiver. *Id.* Accordingly, Domain Protection's Motion is denied.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff Domain Protection's Motion for Appointment of a Receiver Over Defendant Sea Wasp, LLC, to Effect Compliance with this Honorable Court's Preliminary Injunction Order and for Further Relief (Dkt. #256) is hereby **DENIED**.

**SIGNED** this 3rd day of October, 2019.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE