# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| DOMAIN PROTECTION, LLC, | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 4:18-cv-792 |
| | § | Judge Mazzant |
| SEA WASP, LLC, ET. AL. | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Sea Wasp's: (1) Motion to Compel (Dkt. #141); and (2) Second Motion to Compel Deposition of Plaintiff and Lisa Katz, and to Extend Time to Complete Discovery (Dkt. #221). Having considered the motion and the relevant pleadings, the Court finds that the Motion to Compel (Dkt. #141) is **DENIED** as moot. The Second Motion to Compel Deposition of Plaintiff and Lisa Katz, and to Extend Time to Complete Discovery (Dkt. #221), however, is **GRANTED** in part and **DENIED** in part.

## BACKGROUND

The Court need not summarize the disputed facts as laid out by the parties in their briefing. A review of the procedural history of this action is sufficient. On May 3, 2019, the Court ordered the parties to set the Rule 30(b)(6) deposition of Lisa Katz by the following week. Following the inability of the parties to agree on matters surrounding the 30(b)(6) deposition, the Court ordered that the deposition be held on May 31, 2019. The Court then granted in part and denied in part Plaintiff's Motion for Protective Order (Dkt. #131) thus creating the topics for the deposition (Dkt. #149). The Court also granted Sea Defendant Sea Wasp's Motion to Compel Production of Documents from Domain Protection, LLC (Dkt. #148). On May 28, 2019, the Court Ordered Defendant to appear in Sherman as noticed for a period of 7 hours to complete the deposition. On

June 3, 2019, a Hotline Order was entered which ordered that the parties either complete the deposition as scheduled or determine a mutually agreeable time to reconvene and complete the deposition (Dkt. #156). On August 20, 2019, the Court extended the discovery deadline for Sea Wasp for discovery matters sought by Sea Wasp prior to June 19, 2019 (Dkt. #229). The Court construed its Order to mean that, "to the extent any such requests are justified, Domain Protection cannot avoid complying with these requests simply through its delay tactics" (Dkt. #229). With that being said, the Court also granted Domain Protection's Motion for Protective Order (Dkt. #218) and thus prohibited Sea Wasp from deposing a party it first noticed two months after the discovery deadline passed (Dkt. #229). The Final Pretrial Conference in this action is set for December 6, 2019.

In the midst of all of this procedural history, Sea Wasp filed its Motion to Compel whereby it requests that the Court order Domain Protection to provide for a deposition of its Rule 30(b)(6) representative, award attorneys' fees and costs, and provide any other just relief (Dkt. #141). Domain Protection opposed this Motion (Dkt. #155). Sea Wasp followed its Motion up with a Second Motion to Compel Deposition of Plaintiff and Lisa Katz and to Extend Time to Complete Discovery (Dkt. #221). In its Second Motion, Sea Wasp requests that the Court compel the deposition of Lisa Katz, order Domain Protection to comply with its discovery requirements under the Court's Scheduling Order, order the deposition of Chris Payne, and award any reasonable fees and expenses for bringing this Motion (Dkt. #221). Domain Protection again opposed Sea Wasp's Motion (Dkt. #243). The Court now turns to the present Motions.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any non[-]privileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). Relevance, for the purposes of Rule 26(b)(1), is when the request is reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1); *Crosby v. La.*

2

*Health & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). The Court's scheduling order requires that the parties produce, as part of their initial disclosure, "documents containing, information 'relevant to the claim or defense of any party.'" (Dkt. #12 at p. 2). Moreover, the Local Rules of the Eastern District of Texas provide further guidance suggesting that information is "relevant to any party's claim or defense [if]: (1) it includes information that would not support the disclosing parties' contentions; . . . (4) it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense. . . ." LOCAL RULE CV-26(d). It is well established that "control of discovery is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)).

Rule 37 of the Federal Rules of Civil Procedure allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1). The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence. *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted. *Id.*

Federal Rule of Civil Procedure 34 governs requests for production of documents, electronically stored information, and tangible things. Rule 34 requires responses to "either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). "An objection [to the entire request] must state whether any responsive materials are being withheld on

the basis of that objection." FED. R. CIV. P. 34(b)(2)(C). On the other hand, "[a]n objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(C).

After responding to each request with specificity, the responding attorney must sign their request, response, or objection certifying that the response is complete and correct to the best of the attorney's knowledge and that any objection is consistent with the rules and warranted by existing law or a non-frivolous argument for changing the law. FED. R. CIV. P. 26(g). This rule "simply requires that the attorney make a reasonable inquiry into the factual basis of his response, request, or objection." FED. R. CIV. P. 26(g) advisory committee note (1983).

The federal rules follow a proportionality standard for discovery. FED. R. CIV. P. 26(b)(1). Under this requirement, the burden falls on both parties and the court to consider the proportionality of all discovery in resolving discovery disputes. FED. R. CIV. P. 26(b)(1), advisory committee note (2015). This rule relies on the fact that each party has a unique understanding of the proportionality to bear on the particular issue. *Id.* For example, a party requesting discovery may have little information about the burden or expense of responding. *Id.* "The party claiming undue burden or expense ordinarily has far better information—perhaps the only information—with respect to that part of the determination." *Id.* The moving party "may well need to make its own showing of many or all of the proportionality factors, including the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues." *Samsun Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 592 (N.D. Tex. 2017).

**ANALYSIS**

The Motions and procedural history here are straightforward. Sea Wasp has been attempting to depose Lisa Katz both in her 30(b)(6) capacity and personal capacity for some time

4

now.  Domain Protection and Sea Wasp each claim to be the victim of gamesmanship and point the finger toward the other party, arguing that the only reason Katz has not been deposed is because of the other party's misconduct.  The Court has intervened in this dispute multiple times.  The Final Pretrial Conference is scheduled for December 6, 2019.  Katz is a crucial witness in this case.  And no amount of volatile briefing will persuade the Court that discovery need not occur.  Accordingly, the Court orders that the deposition of Lisa Katz in her 30(b)(6) and personal capacity must occur, or be completed, by 11:59 p.m. on November 19, 2019 in Sherman, Texas.  Should Katz fail to make herself available for each deposition by the Court's deadline, the Court will permit leave for Sea Wasp to file a motion for sanctions.

Sea Wasp's remaining requested relief is denied.  The Court has already stated that Sea Wasp may not challenge Quantec's assignment of the Domain Names (Dkt. #230, p. 8–9).  And as to the deposition of Chris Payne, the Court refers Sea Wasp to Dkt. #229 where the Court explicitly stated that Sea Wasp's former attempt to extend discovery "will be only be granted to any discovery Sea Wasp *first sought before June 19, 2019*—the discovery deadline" (Dkt. #229).  The Court will not discuss this matter again.  Finally, Sea Wasp requests attorney' fees and costs for defending its Motion.  Put simply, neither party is innocent here and neither party is entitled to an award of fees or costs.  Accordingly, the Courts grants in part and denies in part Sea Wasp's Second Motion to Compel Deposition of Plaintiff and Lisa Katz, and to Extend Time to Complete Discovery (Dkt. #221) and denies, as moot, Sea Wasp's Motion to Compel (Dkt. #141).

## CONCLUSION

It is therefore **ORDERED** that Sea Wasp's Motion to Compel (Dkt. #141) is **DENIED** as moot and Sea Wasp's Second Motion to Compel Deposition of Plaintiff and Lisa Katz, and to Extend Time to Complete Discovery (Dkt. #221), is **GRANTED** in part and **DENIED** in part.

Lisa Katz is hereby **ORDERED** to make herself available for deposition, both in her personal and Rule 30(b)(6) capacity, by November 19, 2019 in Sherman, Texas. Both depositions must be completed by 11:59 p.m. on November 19, 2019.

The remainder of Sea Wasp's requested relief, namely, Sea Wasp's request for: (1) production of assignment documents; (2) the deposition of Chris Payne; and (3) attorneys' fees and costs are **DENIED**.

**SIGNED this 28th day of October, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE