# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| DOMAIN PROTECTION, LLC, | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 4:18-cv-792 |
| | § | Judge Mazzant |
| SEA WASP, LLC, ET. AL. | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Sea Wasp, LLC's Motion for Sanctions and for Contempt Against Lisa Katz (Dkt. #184). Having considered the motion and the relevant pleadings, the Court finds that the Motion is **DENIED** as moot.

## BACKGROUND

For a full discussion of the facts surrounding the background for the present Motion, see Dkt. #263. This Motion concerns Sea Wasp's allegations that Lisa Katz has acted in a manner to obstruct the Court's Orders by failing to appear at multiple depositions in bother her personal and corporate capacity (Dkt. #184). Domain Protection opposes Sea Wasps' Motion and maintains that any notice provided to Katz were defective. The Court now considers Sea Wasp's Motion.

## LEGAL STANDARD

I. Sanctions

Federal Rule of Civil Procedure 37 authorizes sanctions for failure to comply with discovery orders. A court may bar the disobedient party from introducing evidence, or it may direct that certain facts shall be "taken to be established for purposes of the action." FED. R. CIV. P. 37(b)(2)(A)(i). Rule 37 also permits a court to strike claims from the pleadings, and even to "dismiss the action . . . or render a judgment by default against the disobedient party." *Roadway*

*Express, Inc. v. Piper*, 447 U.S. 752, 763 (1980) (citation omitted); *accord* FED. R. CIV. P. 37(b)(2)(A)(v)-(vi). "Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Roadway Express*, 447 U.S. at 763–64 (citation omitted).

In addition, Rule 37(b)(2) requires that any sanction be just and specifically related to the particular claim that was the subject of the discovery violation. *Compaq Comput. Corp. v. Ergonome Inc.*, 387 F.3d 403, 413 (5th Cir. 2004) (citation omitted). Further, the penalized party's discovery violation must be willful. *United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003).

II. Contempt

"Courts possess the inherent authority to enforce their own injunctive decrees." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995) (citing *Waffenschmidt v. MacKay*, 763 F.2d 711, 716 (5th Cir. 1985), *cert. denied*, 474 U.S. 1056 (1986)). A court may enforce its orders through civil contempt, which is intended to compel obedience to a court order. *See In re Bradley*, 588 F.3d 254, 263 (5th Cir. 2009) ("If the purpose of the sanction is to punish the contemnor and vindicate the authority of the court, the order is viewed as criminal. If the purpose of the sanction is to coerce the contemnor into compliance with a court order, or to compensate another party for the contemnor's violation, the order is considered purely civil."). "A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *SEC v. First Fin. Group of Texas, Inc.*, 659 F.2d 660, 669 (5th Cir. 1981). In a civil contempt proceeding, the movant bears the burden of establishing the elements of contempt by clear and

convincing evidence. *SEC v. Res. Dev. Int'l LLC*, 217 Fed.Appx. 296, 298 (5th Cir. 2007) (citing *Petroleos Mexicanos v. Crawford Enter., Inc.*, 826 F.2d 392, 401 (5th Cir. 1987)). "Clear and convincing evidence is that weight of proof which produces in the mind of the trier of fact a firm belief or conviction . . . so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case." *Shafer v. Army & Air Force Exch. Serv.*, 376 F.3d 386, 396 (5th Cir. 2004), *opinion clarified* No. 03-10074, 2004 WL 2107672 (5thCir. Sept. 17, 2004).

The elements of contempt that the movant must prove by clear and convincing evidence are: (1) a court order is or was in effect; (2) the order requires certain conduct; and (3) the opposing party fails to comply with the court order. *See Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992).

## ANALYSIS

Sea Wasp alleges that Lisa Katz has failed to appear at multiple depositions in both her personal and corporate capacity (Dkt. #184). The Court has ordered Katz to appear for deposition by November 19, 2019 in Dkt. #263. Accordingly, the present Motion is denied as moot. Should Katz fail to comply with the Court's Order, Sea Wasp is granted leave to file a motion for sanctions pursuant to Dkt. #263.

## CONCLUSION

It is therefore **ORDERED** that Sea Wasp, LLC's Motion for Sanctions and for Contempt Against Lisa Katz (Dkt. #184) is **DENIED** as moot.

**SIGNED this 28th day of October, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE