# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DOMAIN PROTECTION, LLC, | § | |
|     *Plaintiff*, | § | |
| v. | § | Civil Action No. 4:18-cv-792 |
| | § | Judge Mazzant |
| SEA WASP, LLC, ET. AL. | § | |
|     *Defendants*. | § | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Domain Protection's Motion to Disqualify David Vinterella From His Dual Role as Both Witness and Counsel for the Defendant Sea Wasp (Dkt. #150). Having considered the motion and the relevant pleadings, the Court finds that Domain Protection's Motion is **DENIED**.

## BACKGROUND

On December 11, 2018, David Vinterella ("Vinterella") provided testimony as Sea Wasp's only witness in opposing Domain Protection's Motion for a Preliminary Injunction (Dkt. #150; Dkt. #160). Vinterella's testimony was provided over a course of three affidavits. In those affidavits, Vinterella attested to the following:

> (1) that Sea Wasp is an accredited registrar of domain names by the Internet Corporation for Assigned Names and Numbers ("ICANN"); (2) that Sea Wasp is the current registrar of record of the disputed domain names as a result of Sea Wasp's 2017 purchase of the assets of its predecessor, Dark Blue Sea Pty. Limited d/b/a Fabulous.com; (3) that the domain name portfolio has been the focus of an ongoing ownership dispute since 2014; (4) that the disputed domain names were placed under an executive lock by Sea Wasp's predecessor in 2014, and was active when Sea Wasp purchased the domain name registration business; (5) that Sea Wasp restored and is currently maintaining the executive lock on the disputed domain names; (6) that unauthorized changes to the name server data on the domain names were made; (7) that Sea Wasp worked to restore the status quo on the domain name portfolio by: (i) reversing the unauthorized changes made to the name servers on the domain names, and (ii) ensuring that the executive lock was active on the entire portfolio; (8) that despite the executive lock, Plaintiff retained the ability to renew domain names that were set to expire, that Domain Protection received

> daily renewal notices for expiring domain names, and that Plaintiff failed to renew the domain names; and (9) that ICANN policy and procedure validates the actions taken by Sea Wasp to preserve the status quo.

(Dkt. #160). In making these assertions, Vinterella stated: "I have personal knowledge of the facts stated herein through the routine performance of my duties as counsel at Faia working on behalf of Sea Wasp" (Dkt. #60, Exhibit 5). Then, on February 29, 2019, Vinterella made his appearance as co-counsel in the present action (Dkt. #150) (citing Dkt. #95).

On May 24, 2019, Domain Protection filed Plaintiff Domain Protection's Motion to Disqualify David Vinterella from His Dual Role as Both Witness and Counsel for the Defendant Sea Wasp (Dkt. #150). Domain Protection argues that because "Vinterella was offered by Sea Wasp as a witness in an effort to establish essential facts in opposition to the preliminary injunctive relief requested by Plaintiff," the Court should disqualify Vinterella (Dkt. #150). Specifically, Domain Protection claims that it is "unfairly handicapped in its ability to properly test and argue before the Court as to the veracity of Mr. Vinterella's testimony as a witness" (Dkt. #150). Sea Wasp, through Vinterella, opposes Domain Protection's Motion (Dkt. #160). Sea Wasp argues that "while these attestations were made by [Vinterella], these statements could have also been made by other personnel at Sea Wasp" (Dkt. #160). Sea Wasp points to four other individuals who have "unfettered access to the same business records data maintained by Sea Wasp that was utilized in the creation of these affidavits; thereby, rendering [Vinterella's] testimony not necessary" (Dkt. #160). Thus, Sea Wasp argues that Vinterella's statements were not "necessary" to establish an essential fact and he should not be disqualified (Dkt. #160). Additionally, Sea Wasp argues that because Vinterella is not an expert witness and will not testify at trial, Vinterella should not be disqualified (Dkt. #160). Domain Protection counters that Sea Wasp has erred in its understanding of the law and that Vinterella should still be disqualified (Dkt. #163). The Court now considers Domain Protection's Motion.

## LEGAL STANDARD

The Fifth Circuit has "made clear that 'disqualification cases are governed by state and national ethical standards adopted by the court.'" *FDIC v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1311–12 (5th Cir. 1995) (quoting *In re Am. Airlines, Inc.*, 972 F.3d 605, 610 (5th Cir. 1992)). In the Fifth Circuit, when considering disqualification of an attorney, district courts generally rely upon the following: (1) the local rules in the district; (2) American Bar Association's ("ABA") Model Rules of Professional Conduct; (3) the ABA's Model Code of Professional Responsibility; and (4) the state rules of conduct. *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 266 (5th Cir. 2001); *Ayus v. Total Renal Care, Inc.*, 48 F. Supp. 2d 714, 714 (S.D. Tex. 1999). Beyond the various rules and codes identified above, "[a] court should be conscious of its responsibility to preserve a reasonable balance between the need to ensure ethical conduct on the part of lawyers appearing before it and other social interests, which include the litigant's right to freely chosen counsel." *Woods v. Covington Cty. Bank*, 537 F.2d 804, 810 (5th Cir. 1976) (citing *Emle Indus., Inc. v. Patentex, Inc.*, 478 F.2d 562, 564–65 (2d Cir. 1973)).

In the Eastern District, "the standards of professional conduct adopted as part of the Rules Governing the State Bar of Texas shall serve as a guide governing the obligations and responsibilities of all attorneys appearing in this court." Eastern District of Texas, Local Rule AT-2. In Texas, disqualification is a "severe remedy." *NCNB Tex. Nat'l Bank v. Coker*, 765 S.W.2d 398, 399 (Tex. 1989). Motions to disqualify are subject to an exacting standard both to protect a party's right to counsel of choice as well as to discourage the use of such motions as a "dilatory trial tactic." *Id.;* TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08 cmt. 10.

## ANALYSIS

ABA Model Rule 3.7 provides "[a] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness." Texas Rule of Disciplinary Conduct 3.08(a) provides "[a] lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client." *Diamond Consortium, Inc. v. Manookian*, No. 4:16-cv-00094 (E.D. Tex. May 31, 2017) (citing TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08(a)). As the Supreme Court of Texas has stated, "[t]he fact that a lawyer serves as both an advocate and a witness does not in itself compel disqualification." *In re* Sanders, 153 S.W.3d 54, 57 (Tex. 2004) (citing *Ayres v. Canales,* 790 S.W.2d 554, 557–58 (Tex. 1990); *In re* Chu*,* 134 S.W.3d 459, 464 (Tex. App.—Waco 2004, orig. proceeding); *May v. Crofts,* 868 S.W.2d 397, 399 (Tex. App.—Texarkana 1993, orig. proceeding)). Rather, a more exacting standard is required. *See Coker*, 765 S.W.2d at 399.

Under Texas law, "[d]isqualification is only appropriate if the lawyer's testimony is "necessary to establish an essential fact." *Id.* (citing TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08(a)). To establish that disqualification is appropriate, "the party requesting disqualification must demonstrate that the opposing lawyer's dual roles as attorney and witness will cause the party actual prejudice." *Id.* (citing *Ayres,* 790 S.W.2d at 558). For instance, "disqualification is inappropriate under Rule 3.08 when opposing counsel merely announces their intention to call the attorney as a fact witness without establishing both a genuine need for the attorney's testimony and that the testimony goes to an essential fact." *In re* Garza, 373 S.W.3d 115, 118 (Tex. App.—San Antonio 2012, orig. proceeding) (citing *In the Int. of A.M.,* 974 S.W.2d 857, 864 (Tex. App.—San Antonio 1998, no pet.)). Disqualification is appropriate, however, when counsel "effectively

'testif[ies]' as [the sole] expert witness in [a] controverting affidavit in order to defeat [another party's] motion . . . ." *Mauze v. Curry*, 861 S.W.2d 869, 870 (Texas 1993). Disqualification is additionally appropriate even if counsel is not serving as an expert. *See Southtex 66 Pipeline Co., Ltd. V. Spoor*, 238 S.W.3d 538, 544 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (citing *Mauze*, 861 S.W.2d at 870). When considering whether to disqualify an attorney, "preservation of a popular faith in the judicial system is a primary consideration." *U.S. Fire Ins.*, 50 F.3d at 1311–16. As the Supreme Court of Texas has stated, "Rule 3.08 is grounded principally on the belief that the finder of fact may become confused when one person acts as both advocate and witness." *Anderson Producing Inc. v. Koch Oil Co.*, 929 S.W.2d 416, 422 (Tex. 1996). To be sure, one of the concerns of an attorney acting in a dual role is that the attorney's dual role may place the attorney "in the unseemly and ineffective position of arguing his own credibility." *Warrilow v. Norrell*, 791 S.W.2d 515, 521 n.6 (Tex. App.—Corpus Christi 1989, writ denied).

Here, Sea Wasp concedes that "some of the statements contained in the affidavits are likely essential factual assertions in Sea Wasp's defense of this matter . . . ." (Dkt. #160). Despite Sea Wasp's concession, Sea Wasp claims that Vinterella should not be disqualified because *Vinterella's* testimony "was not necessary to establish these facts" (Dkt. #160). Rather, Sea Wasp maintains that four other witnesses could provide the same factual assertions; thus, Vinterella was not "necessary to establish an essential fact" under 3.08. Vinterella provided three affidavits. In those affidavits, Vinterella swore that he had personal knowledge of the assertions he was making. Among his assertions, Vinterella claimed that Sea Wasp had "maintained" the executive lock which is in dispute in this action (Dkt. #150, Exhibit 1). It is undisputed that the factual assertions made by Vinterella are essential to this action. The question remains, however, whether Vinterella

is not *necessary* because another one of Sea Wasp's witnesses could have made the same assertions.

Under *In re* Garza's interpretation of Rule 3.08, disqualification is only appropriate if the moving party establishes "*both* a genuine need for the attorney's testimony *and* that the testimony goes to an essential fact." 373 S.W.3d at 118 (emphasis added). The Court has already identified that Vinterella's testimony goes to an essential fact. But Sea Wasp makes clear that Vinterella is only one witness that could have testified to the subject matter of the affidavits. In fact, there are four other witnesses, according to Sea Wasp, that:

> possess[] knowledge involving the ownership dispute involving the subject domain names, the circumstances resulting in the executive lock on the domain name portfolio, the data and name server information associated with the domain names, and the relevant aspects of ICANN policy and procedure relied upon by Sea Wasp to justify its actions

(Dkt. #160). Further, Sea Wasp unequivocally states that Vinterella "will not be testifying as a fact witness during the trial of this matter; thereby, ensuring that there will be no confusion regarding the source of testimony" (Dkt. #160). That Vinterella will not take the stand as a witness is persuasive. What is more persuasive, however, is the fact that there is not a "*genuine need*" for Vinterella's testimony. *In re* Garza, 373 S.W.3d at 118 (emphasis added). While it is true that Vinterella was the only fact witness to oppose Domain Protection's Motion for a Preliminary Injunction, his name could have easily been replaced with any of the other four names that could have attested to the same facts. By definition, this means that there was no *genuine need* for Vinterella to testify. *Id.* (emphasis added). With that being said, the Court does have concerns that Vinterella's dual role status could cause juror confusion and lead to the unseemly position of Vinterella arguing on behalf of his own credibility.[1] Such occurrences could harm the perception

---

[1] The Court notes a critical change in verbiage when Vinterella is acting as a witness or as counsel. Namely, that Vinterella's affidavit described the executive lock as being maintained while Sea Wasp's Response, authored by Vinterella, describes the executive lock as being restored. This change provides evidence that there could be some future risk that Vinterella's dual role could lead him to argue his own credibility and manipulate his own statements.

6

of the judicial system. *U.S. Fire Ins.*, 50 F.3d at 1311–16. Those concerns, however, are alleviated by Vinterella's agreement to not testify as a fact witness. Moreover, the Court is heavily guided by every "litigant's right to freely chosen counsel." *Woods*, 537 F.2d at 810. That Sea Wasp did not make the most tactful decision in permitting an attorney who would eventually join the case to serve as a fact witness does not alone compel the Court to exclude that attorney. Sea Wasp is entitled, when permissible, to choose its counsel. *Id.* And in this instance, where Vinterella is not genuinely needed as a fact witness, the Court finds that Sea Wasp should still be permitted to choose its counsel. Domain Protection's reliance on *Spoor* and *Mauze* does not change this conclusion.

i. Reliance on *Spoor*

Domain Protection cites *Spoor* for the notion that, when an attorney serves as an affiant in support of a motion, that alone is sufficient to disqualify the attorney. Domain Protection extends *Spoor* beyond its holding. *Spoor* states that, "[w]hen [] an attorney who represents a party is an affiant in support of a motion for summary judgment, he is a witness." *Spoor*, 238 S.W.3d at 544. This statement does not mean that there is a categorical prohibition "against being both a witness and counsel in the same case . . . ." (Dkt. #163). To interpret *Spoor* as such would be to eliminate the requirement under 308 that the attorney-witness be "*necessary* to establish an essential fact." TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08(a) (emphasis added). All that *Spoor* claims in that statement is that the attorney there was serving as a *witness*; a prerequisite to determining whether the attorney was a *necessary* witness. *Spoor*, 238 S.W.3d at 544. Thus, citing such language from *Spoor* and arguing that the Court must disqualify Vinterella under such language is misguided. Domain Protection's argument accordingly fails.

---

*See Norrell*, 791 S.W.2d at 521 n.6. But, as the Court has already stated, this risk is alleviated by Sea Wasp's decision to forgo Vinterella as a witness at trial.

ii.     Reliance on *Mauze*

Domain Protection also argues that the prohibition against being both a witness and counsel is not limited to trial testimony. This is a correct statement of the law. But that is where the statements in the relevant section of Domain Protection's briefing cease to be correct. Domain Protection claims that *Mauze* stands for the proposition that Rule 3.08(a) "prohibits an attorney from acting as counsel when he 'personally signed and swore to a controverting affidavit' filed in a motion response" (Dkt. #163) (citing *Mauze*, 861 S.W.2d at 870). But Domain Protection's statement leaves out critical facts that color the holding in *Mauze*. *Mauze* concerned an attorney, Bevil, who served as both counsel and the *only* expert witness in a legal malpractice case. *Id.* at 869. As the Supreme Court of Texas noted, "[t]here was no other expert evidence concerning legal malpractice or causation." *Id.* This led the court to conclude that "by preparing and filing the controverting affidavit as the *only* expert witness, Bevil became a witness necessary to establish the essential facts." *Id.* at 169–70 (emphasis added). Simply signing the affidavit was not enough to compel the court to disqualify the attorney; rather, the court abided by Rule 3.08 and determined that the attorney had become a witness necessary to establish essential facts. *Id.* at 169. Here, unlike in *Mauze*, Vinterella is not the *only* witness who can attest to certain facts. There are four other witnesses who can attest to the same facts. Thus, Vinterella is not necessary—even if he is attesting to essential facts. Accordingly, while it is a correct statement of the law that Vinterella could be disqualified even if he did not take the stand, such a statement is inapposite when grounds do not exist to disqualify Vinterella. Merely signing an affidavit as one of multiple potential witnesses is an insufficient action to warrant disqualifying an attorney. Consequently, Domain Protection's argument fail again. For these reasons, Domain Protection's Motion is denied.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff Domain Protection's Motion to Disqualify David Vinterella From His Dual Role as Both Witness and Counsel for the Defendant Sea Wasp (Dkt. #150) is hereby **DENIED**.

**SIGNED this 4th day of November, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE