# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| DOMAIN PROTECTION, LLC, | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 4:18-cv-792 |
| | § | Judge Mazzant |
| SEA WASP, LLC, ET. AL. | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Sea Wasp, LLC's Motion for Summary Judgment (Dkt. #122). Having considered the motion and the relevant pleadings, the Court finds that the Motion is **DENIED**.

## BACKGROUND

Before the Court is Sea Wasp's Motion for Summary Judgment (Dkt. #122). The Court has already detailed the factual and procedural history of this case in many of its opinions. *See* Dkt. #192. Accordingly, the Background Section of this opinion will focus solely on the issues at hand.

The issues presented to the Court are as follows: (1) Whether Sea Wasp is a disinterested stakeholder of the Quasar Portfolio; (2) Whether Sea Wasp is faced with multiple claims for or to the Quasar Portfolio; and (3) Whether applicable law allows Sea Wasp to tender such possession and/or control as it has over the Quasar Portfolio to the Court, and to be dismissed with its costs and fees.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper

under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this

burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Sea Wasp's Motion for Summary Judgment presents the following issues: (1) Whether Sea Wasp is a disinterested stakeholder of the Quasar Portfolio; (2) Whether Sea Wasp is faced with multiple claims for or to the Quasar Portfolio; and (3) Whether applicable law allows Sea Wasp to tender such possession and/or control as it has over the Quasar Portfolio to the Court, and to be dismissed with its costs and fees (Dkt. #122). Sea Wasp's Motion is actually a Rule 22 motion for interpleader masquerading as a Rule 56 motion for summary judgment. To be sure, Sea Wasp recognizes the duplicative nature of the present Motion when it states in footnote 1 of its Motion that it "acknowledges the potential for procedural duplication here, given the pending interpleader action [Dkt. #90]" (Dkt. #122). The Court already addressed the same arguments Sea Wasp proffers now in its Cross-Complaint for Interpleader (Dkt. #90). Indeed, the Court denied the same arguments in Dkt. #192. For this reason, Sea Wasp's Motion for Summary Judgment is denied as moot.

## CONCLUSION

It is therefore **ORDERED** that Sea Wasp, LLC's Motion for Summary Judgment (Dkt. #122) is **DENIED**.

**SIGNED this 22nd day of November, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE