# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| DOMAIN PROTECTION, LLC, | § | |
|     *Plaintiff*, | § | |
| v. | § | Civil Action No. 4:18-CV-00792 |
| | § | Judge Mazzant |
| SEA WASP, LLC, VENON DECOSSAS, | § | |
| AND GREGORY FAIA, | § | |
|     *Defendants*. | § | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion to Strike Plaintiff's Supplemental Rule 26(A)(1) Disclosure (Dkt. #356). Having considered the motion and the relevant pleadings, the Court finds that Defendant's Motion is **DENIED**.

## **BACKGROUND**

Domain Protection filed its Rule 26(A)(1) Disclosure of Domain Protection, LLC on August 10, 2018 (Dkt. #356, Exhibit 1). Domain Protection then filed its Rule 26(A)(2) Disclosure of Domain Protection, LLC on March 13, 2019 (Dkt. #356, Exhibit 2). The Court held a Final Pretrial Conference for the present action on December 20, 2019. At the conference, Domain Protection's Counsel, Gary Schepps, acknowledged that he had not provided any calculation of damages to Defendants (Dkt. #356, Exhibit D). After informing Schepps that the Court would not permit a trial by surprise, the Court granted Schepps leave to submit a supplemental disclosure to provide mathematical computations of Domain Protection's alleged damages (Dkt. #356, Exhibit D). Domain Protection accordingly submitted its Supplemental Rule 26(A)(1) Disclosure of Domain Protection, LLC on December 23, 2019 (Dkt. #356, Exhibit E). On January 2, 2020, Defendants filed Defendants' Motion to Strike Plaintiff's Supplemental Rule 26(A)(1) Disclosure (Dkt. #356). Defendants argue that Domain Protection's Supplemental Disclosure is untimely and

deficient (Dkt. #356). Domain Protection responded by filing Plaintiff Domain Protection's Response to Defendants' Motion to Strike Plaintiff's Supplemental Rule 26(A)(1) Disclosure on January 13, 2020 (Dkt. #359). Domain Protection argues that Defendants made the "tactical decision" not to seek discovery on damages and that Domain Protection disclosed the proper calculus to support its alleged damages (Dkt. #359). On January 15, 2020, Defendants filed Defendants' Reply in Support of Motion to Strike Plaintiff's Supplemental Rule 26(A)(1) Disclosure (Dkt. #362). This was followed by Plaintiff Domain Protection's Sur-Reply on Defendants' Motion to Strike Plaintiff's Supplemental Rule 26(A)(1) Disclosure which was filed on January 16, 2020 (Dkt. #363).

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii):

> Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties: (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

FED. R. CIV. P. 26(a)(1)(A)(iii). The 1993 Advisory Committee Notes to Rule 26 provide as follows:

> Subparagraph (C) imposes a burden of disclosure that includes the functional equivalent of a standing Request for Production under Rule 34. A party claiming damages or other monetary relief must, in addition to disclosing the calculation of such damages, make available the supporting documents for inspection and copying as if a request for such materials had been made under Rule 34. This obligation applies only with respect to documents then reasonably available to it and not privileged or protected as work product. Likewise, a party would not be expected to provide a calculation of damages which, as in many patent infringement actions, depends on information in the possession of another party or person.

Failure to comply with Rule 26's requirements may lead to sanctions. Indeed, Federal Rule of Civil Procedure 37(c)(1) states:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
>> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>>
>> (B) may inform the jury of the party's failure; and
>>
>> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).

FED. R. CIV. P. 37(c)(1)(A–C). Likewise, the Court's Scheduling Order provides that:

> A party that fails to timely disclose any of the information required to be disclosed by order of this court or by the Federal Rules of Civil Procedure, will not, unless such failure is harmless, be permitted to use such evidence at trial, hearing or in support of a motion.

(Dkt. #65). A motion to compel is not required before Rule 37's exclusive sanction may apply. *Hovanec v. Miller*, 33 F.R.D. 624, 634 (W.D. Tex. 2019). The Fifth Circuit has provided four factors that should guide a district court's evaluation of whether a violation of Rule 26 is harmless. *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003). Those factors include: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Id.* (citing *United States v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir. 1998)).

"The Fifth Circuit describes the sanctions of Rule 37 as 'not exclusive or arbitrary,' but rather 'flexible, and within reason, [they] may be applied in as many or varied forms as the Court desires by exercising broad discretion in light of the facts of each case.'" *Jonibach Mgmt Tr. v. Wartburg Enter., Inc.*, 136 F. Supp. 3d 792, 807–08 (S.D. Tex. 2015) (citing *Guidry v. Cont'l Oil Co.*, 640 F.2d 523, 533 (5th Cir. 1981) (citing 8 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2289, at 791 (1970)), *cert. denied,* 454 U.S. 818 (1981). "Rule 37 only requires [that] the sanctions the Court imposes 'hold the scales of justice even.'" *Id.* (internal

citation omitted). "Furthermore, the law favors resolution of disputes on the merits over dismissal, the "draconian remedy of last resort." *Id.* (citing *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994); *Brinkmann v. Abner*, 813 F.2d 744, 749 (5th Cir. 1987); *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985)); *see also EEOC v. IESI La. Corp.*, 720 F. Supp. 2d 750, 753 (W.D. La. 2010) ("Extreme sanctions such as dismissal or default judgment, however, are remedies of last resort, and the Court may apply them only in extreme circumstances where failure to comply with the Court's order results from willfulness or bad faith.") (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 640 (1976); *Butler v. Cloud*, 104 F. App'x. 373, 374 (5th Cir. 2004); *Batson*, 765 F.2d at 514–15).

## ANALYSIS

Domain Protection's Supplemental Rule 26(A)(1) Disclosure of Domain Protection, LLC ("Supplemental Disclosure") is essentially a carbon copy of Domain Protection's initial Rule 26(A)(1) Disclosure of Domain Protection, LLC ("Initial Disclosure"). The Initial Disclosure was submitted on August 10, 2018. The Supplemental Disclosure was submitted on December 23, 2019. Defendants wish to strike the Supplemental Disclosure. Defendants proffer two arguments in support of their Motion to Strike: (1) Domain Protection's Supplemental Disclosure is untimely; and (2) Domain Protection's Supplemental Disclosure is deficient. As to the first argument, the Court granted Domain Protection leave to file said Supplemental Disclosure at the Final Pretrial Conference so long as the disclosure was a simple math calculation. To be sure, the transcript of the Final Pretrial Conference is clear:

> Court: What I do suggest is you supplement -- you have an ongoing duty to supplement. They're entitled to know, and you better do it soon because -- to give them time to object to it or strike it or however they want to respond to it, a more detailed analysis of -- well, it doesn't have to be a detailed analysis. But if there's math calculations, they're entitled to know the amount of money you're seeking for each claim and what the basis of that damage calculation is. If it's truly a math calculation, I'll let that proceed, if the underlying

4

> evidence is there. If it's more than a math calculation, then I don't know if it's timely. I don't know that I'll let you proceed with that.

(Dkt. #356, Exhibit D, at p. 48). The Court is of the opinion that, while the disclosed math calculations may not be entirely "simple," these are indeed math calculations—the same calculations, save a few regards which will be discussed below, provided by Domain Protection in its Initial Disclosure. Thus, the Court, having granted Domain Protection leave to file its calculations in its discretion, deems this disclosure timely. Even if Domain Protection's Supplemental Disclosure were untimely, the Supplemental Disclosure is harmless.

First, Domain Protection's calculation of damages is critical to the present action. *See Texas A&M Research Found.*, 338 F.3d at 402. Without a calculation of damages, the action cannot continue. Second, the prejudice that would befall Sea Wasp and the Individual Defendants should the Court permit Domain Protection's Supplemental Disclosure is minimal. *See id.* Domain Protection's Supplemental Disclosure, as previously stated, is nothing short of a carbon copy of Domain Protection's Initial Disclosure. While the Supplemental Disclosure differs in a few regards—namely, by, among other things, referencing a purported stipulation by Sea Wasp, expounding upon the public valuation tool "Blue Book" for evaluation lost Domain Name worth, updating the renewal fee portion to account for time, and further detailing statutory damages— none of these additions should come as a surprise to Sea Wasp. Particularly when, as Domain Protection contends, Domain Protection offered to make the foregoing available to the Defendants. Third, because Domain Protection's Supplemental Disclosure fails to "supplement" much of anything, and thus works little to no prejudice against Sea Wasp, the Court sees no need for a continuance. *See id.* Even if the Court were to grant a continuance, Domain Protection has claimed that it has adequately disclosed the computations it will provide. Thus, the Court is unpersuaded that a continuance would result in a much clearer picture of damages. Finally, while Domain

Protection has no reasonable explanation for not disclosing a more adequate calculation of damages, Domain Protection's Supplement Disclosure does not change the picture much at all. *See id.* Indeed, calling Domain Protection's disclosure a "supplement" is a stretch to begin with as the Supplemental Disclosure merely rehashes what was contained in Domain Protection's Initial Disclosure. Thus, the Court does not find Domain Protection's Supplemental Disclosure harmful.

While the Court finds that the Supplemental Disclosure is not harmful, that does not mean that Domain Protection may now proffer evidence and documentation supporting the Supplemental Disclosure that has not already been disclosed, or made available, to Defendants. As the Court said at the Final Pretrial Conference, the Court will not tolerate trial by surprise. Thus, while the Court will not enforce Rule 26 through some draconian Rule 37 remedy, the Court will still, in its discretion, fashion an appropriate remedy. *See Sede Jonibach Mgmt Tr.*, 136 F. Supp. 3d at 807–08. Therefore, the Court, in its discretion, finds it appropriate that Domain Protection may not proffer any documentation, exhibits, or other evidentiary material supporting, or expounding upon, its analysis and computation of damages that has not already been disclosed—and/or made available for inspection and copying—to Sea Wasp and/or the Individual Defendants.[1] *See* FED. R. CIV. P. 37(c)(1). This includes any evidence that a proffered witness or expert might rely upon.[2] *See id.* Should Domain Protection attempt to proffer any evidence not previously disclosed—and/or made available for inspection and copying—the Court will entertain an objection.

---

[1] Domain Protection may notify the Court when it believes that the relevant information was in the possession of Sea Wasp or the Individual Defendants such that Domain Protection should not have been expected to provide a calculation pursuant to Federal Rule of Civil Procedure 34.

[2] The Court reminds Defendants that any objection that Katz has no knowledge as to damages is improper when predicated upon Katz' personal, rather than 30(b)6), deposition answers. Because Defendants do not delineate where their objections to Katz come from—i.e., whether Defendants are citing Katz personal or 30(b)(6) deposition responses—the Court will take the matter up at trial.

**CONCLUSION**

It is therefore **ORDERED** that Defendant's Motion to Strike Plaintiff's Supplemental Rule 26(A)(1) Disclosure (Dkt. #356) is hereby **DENIED**.

**SIGNED this 31st day of January, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE