# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| DOMAIN PROTECTION, LLC,       § | |
| *Plaintiff,*       § | |
| v.       § | Civil Action No. 4:18-cv-792 |
|        § | Judge Mazzant |
| SEA WASP, LLC, ET. AL.       § | |
| *Defendants*.       § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Sea Wasp's request for $7,110.50 in attorneys' fees pursuant to the Court's Order granting Sea Wasp LLC's Second Motion for Sanctions Against Schepps (Dkt. #295). Having reviewed the pleadings, the Court finds that Sea Wasp's request is **GRANTED**.

## BACKGROUND

On November 19, 2019, the Court entered its Memorandum Opinion and Order granting in part Sea Wasp, LLC's Second Motion for Sanctions Against Gary Schepps (Dkt. #295). In that Order, the Court instructed Schepps to provide Sea Wasp with the costs for Sea Wasp's briefing of Sea Wasp's Second Motion for Sanctions (Dkt. #295). On November 25, 2019, Domain Protection filed Plaintiff Domain Protection's Motion for Reconsideration of Sanctions Imposed Against its Counsel (Dkt. #312). On November 26, 2019, Domain Protection filed Plaintiff Domain Protection's Motion for Clarification on Sanctions Ordered (Dkt. #314). On December 13, 2019, the Court entered its Memorandum Opinion and Order denying Plaintiff Domain Protection's Motion for Reconsideration of Sanctions Imposed Against its Counsel and granting Plaintiff Domain Protection's Motion for Clarification on Sanctions Ordered (Dkt. #333). In the Court's Order, the Court clarified that the Court awarded Sea Wasp the attorneys' fees it incurred in briefing the Court through its Second Motion for Sanctions (Dkt. #333). The Court then

encouraged the parties to cooperate in determining what the appropriate award would be. The parties were then instructed that if they were unable to resolve any dispute over the award by December 27, 2019 at 5 p.m., then Domain Protection could file a motion contesting the requested payment (Dkt. #333). Any such motion had to be filed by January 10, 2020 at 5 p.m. (Dkt. #333).

On January 8, 2020, Roger Sanders—then-counsel for Sea Wasp—sent a letter to the Court stating that the parties had reached an impasse and that it was accordingly appropriate for the Court to conduct a *Johnson* review.[1] Attached to said letter was an invoice for Sanders' firms work pertaining to Sea Wasp's Second Motion for Sanctions. Additionally, Sanders provided the Court with a correspondence between him and Schepps illustrating that Sanders sought to resolve the matter without the Court's intervention. On January 9, 2020, a day prior to Domain Protection's deadline to file a motion contesting requested payment, Schepps sent the Court a letter stating that Sanders was unwilling to reach an agreement on an appropriate fee amount despite Sanders' proof to the contrary. Finally, on January 10, 2020, Sanders sent the Court a letter stating that he disagreed with the timing and substance of Schepps' letter. Further, he noted that "Schepps' position that Mr. Young and I should receive an effective rate of $250 or less per hour for our legal services intended for this Court's review is ironically contrasted to his claim of $795 per hour in his disclosures." Schepps never filed a motion challenging the requested attorneys' fees.

## LEGAL STANDARD

Courts use the lodestar method to calculate reasonable attorney's fees. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). The lodestar is calculated by multiplying the number of hours an attorney spent on the case by an appropriate hourly rate. *Id.* at 502. A reasonable hourly rate is the "prevailing market rate in the relevant legal community for similar services by lawyers

---

[1] All letters carbon copied opposing counsel and therefore did not constitute *ex parte* communications.

of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895–96 n.11 (1984)). The relevant legal community is the community where the district court sits. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). The lodestar is presumptively reasonable. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

The party seeking attorneys' fees must present adequately recorded time records. *Watkins*, 7 F.3d at 457. The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *Id.* The hours remaining are those reasonably expended. *Id.*

The Court then considers whether the circumstances warrant a lodestar adjustment. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). In making any adjustment, the Court considers twelve *Johnson* factors. *Id.* (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). The *Johnson* factors are:

> (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases.

*Id.* (citing *Johnson*, 488 F.2d at 717–19).

The most critical factor in determining reasonableness is the degree of success obtained. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). "Many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted." *Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (internal citations omitted). Three of the *Johnson* factors—complexity of the issues, results obtained, and preclusion of other employment—are fully reflected in the lodestar amount. *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). "[T]he court should give special

heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Migis*, 135 F.3d at 1047 (citation omitted).

## ANALYSIS

The first step in the lodestar analysis requires a determination of the reasonable number of hours expended by counsel, as well as the reasonable hourly rate. Sanders offers time records in support of the application for $7,110.50 in attorneys' fees for briefing Sea Wasp's Second Motion for Sanctions. Sanders asserts that the reasonable hourly rates for each employee are as follows: (1) Mr. Beyer: $110; (2) Mr. Young: $475; and (3) Mr. Sanders: $550. Sanders then states that Mr. Beyer expended 5.45 hours, Mr. Young expended 1.6 hours, and Mr. Sanders expended 11.8 hours briefing the motion. The Court finds that the rates and hours requested are reasonable. Schepps did not respond to this request—other than to file a letter stating that Sander was unwilling to discuss reaching an agreement which is contrary to the evidence presented to the Court—nor file the Motion that the Court instructed him to file if he disagreed. The Court finds no reason to alter the lodestar fee.

## CONCLUSION

It is therefore **ORDERED** that Sea Wasp's request for $7,110.50 in attorneys' fees pursuant to the Court's Order granting Sea Wasp LLC's Second Motion for Sanctions Against Schepps (Dkt. #295) is hereby **GRANTED**.

It is further **ORDERED** that Schepps has fourteen (14) days from the issuance of this Order to pay Sea Wasp the $7,110.50 in attorneys' fees.

**SIGNED this 22nd day of May, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE