# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| DOMAIN PROTECTION, LLC, § <br> § <br> Plaintiff § <br> § <br> v. § <br> § <br> SEA WASP, LLC, ET. AL, § <br> § <br> Defendants § <br> § | Civil Action No. 4:18-cv-792 <br> Judge Mazzant |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Request to Be Heard on the Propriety of Taking Judicial Notice (Dkt. #437).  Having considered the Motion and briefing, the Court finds the Motion should be **DENIED**.

### BACKGROUND

Domain Protection is the registered name holder for over 50,000 domain names.  Sea Wasp is the registrar over those Domain Names.  This case concerned whether Sea Wasp encroached on Domain Protection's proprietary interest in the Domain Names by placing an executive lock on them, which prevented Domain Protection from selling the Domain Names or updating their registration information.  After a directed verdict on several liability claims, the jury returned a take-nothing verdict on all counts (Dkt. #379).  Following the take-nothing verdict, Domain Protection filed several post-trial motions for damages and attorney's fees (Dkt. #402).  The Court denied each motion and entered a Final Judgment, dismissing the case with prejudice on May 20, 2020 (Dkt. #403).

Despite the dismissal, Domain Protection continued to press the issue of attorney's fees.  On June 3, 2020, Domain Protection again moved for attorney's fees and costs and requested the

Court reconsider its prior Order denying fees (Dkt. #405).  On August 10, 2020, the Court denied Domain Protection's Application for Attorney's Fees, holding: (1) Domain Protection waived any entitlement to attorneys' fees; and (2) even if the Court found an award of attorneys' fees proper, Domain Protection's application was excessive and improper (Dkt. #429).

The issue of attorney's fees did not end there.  On September 7, 2020, Domain Protection filed a Motion to Alter the Order denying attorney's fees, arguing the Court improperly based its Order on evidence not presented by the parties (Dkt. #431).  On November 11, 2020, the Court again denied Domain Protection's Motion, highlighting how the unprofessional reputation of attorney Gary Schepps ("Schepps") among various courts supported the Court's denial of attorney's fees (Dkt. #434).

This did not deter Domain Protection.  On December 16, 2020, Domain Protection filed a Motion to be Heard on the Propriety of Taking Judicial Notice of Schepps's unprofessional reputation in denying the Motion to Alter (Dkt. #437).  On December 28, 2020, Sea Wasp responded (Dkt. #439).  On December 29, 2020, Schepps replied (Dkt. #440).

At the same time as Domain Protection asked to be heard and for the Court to reconsider its denial of attorney's fees, the party filed an appeal with the Fifth Circuit.  On June 16, 2020, Domain Protection appealed the Court's Final Judgment (Dkt. #403) and Memorandum Opinion and Order (Dkt. #404) to the Fifth Circuit (Dkt. #416).  And on December 17, 2020, Domain Protection amended its Notice of Appeal (Dkt. #438) to include the Order denying Application for Attorney's Fees and Other Litigation Costs (Dkt. #429) and the Order denying the Motion to Alter (Dkt. #434).

**LEGAL STANDARD**

i. **Jurisdiction**

Filing a notice of appeal "divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. Am. Acad. Of Orthopedic Surgeons*, 470 U.S. 373, 379 (1985); *see also Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). A notice of appeal does not divest the district court of jurisdiction over the entire case, but rather the district court "maintains jurisdiction as to matters not involved in the appeal." *Farmhand, Inc. v. Anel Engineering Industries*, 693 F.2d 1140, 1145 (5th Cir. 1982). Motions for attorney's fees are one of those matters when not involved in an appeal. *See Thomas v. Capital Sec. Serv., Inc.*, 812 F.2d 984, 987 (5th Cir. 1987) ("[E]ven though the judgment on the merits has been properly appealed and is pending in the courts of appeal, the district court retains jurisdiction to entertain and resolve a motion requesting attorney's fees or sanctions."), *vacated in part, reinstated in part, and remanded on other grounds*, 836 F.2d 866 (5th Cir. 1988) (en banc).

ii. **Judicial Notice**

Federal Rule of Evidence 201 provides that a court may take judicial notice of an adjudicative fact "that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). The Fifth Circuit has held that judicial notice may be taken of "[s]pecific facts and propositions of generalized knowledge which are capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy." *Turner v. Lieutenant Driver*, 848 F.3d 687, 692 n.63

(5th Cir. 2017) (quoting *Weaver v. United States*, 298 F.2d 496, 498–99 (5th Cir. 1962)). If a court takes judicial notice, "on timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed," even if the court takes judicial notice before notifying a party. FED. R. EVID. 201(e).

## DISCUSSION

Domain Protection asks to submit briefing on the Court's denial of the Motion to Alter (Dkt. #437). Domain Protection argues it was improper for the Court to take judicial notice of Schepps's reputation in the Order (Dkt. #437). Sea Wasp argues briefing is improper because Domain Protection already had the opportunity to be heard on the matter (Dkt. #439).

The Court finds Domain Protection is not entitled to be heard on the matter of Schepps's reputation because it was already heard on the matter in its previous Motion to Alter (Dkt. #431).

### I.   Jurisdiction

As a threshold issue, the Court has jurisdiction to decide the Motion even while there is a separate appeal. Though neither party raises the issue of jurisdiction, the Court is required to conduct an independent inquiry before ruling on the Motion. *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 575 (5th Cir. 2003) ("[E]ven where the parties have not raised the issue, it is our duty to raise it sua sponte. The parties cannot waive a want of subject matter jurisdiction.").

Typically, district courts lose jurisdiction when a case is appealed. *See Marrese*, 470 U.S. at 379. However, district courts maintain jurisdiction over issues unrelated to the appeal. *See Farmhand, Inc.*, 693 F.2d at 1145. Here, the issue of attorney's fees is unrelated to the matter on appeal. Though Domain Protection purportedly appealed the Court's rulings on attorney's fees, Domain Protection's appellate briefing indicates it only appeals the Final Judgment (Appeal #20-40411, Appellant's Brief at p. 13).

4

Domain Protection's briefing to the Fifth Circuit expressly excludes the current Motion as "clearly outside the scope of this appeal." (Appeal #20-40411, Appellant's Brief at p. 13). Domain Protection filed a "precautionary" appeal of the attorney's fees issue and asked the Fifth Circuit to not rule on this issue until this Court rules on this Motion (Appeal #20-40411, Motion for Leave Under Rule 28.1(c)(5) at pp. 6-7). Addressing this confusing procedural method, Domain Protection informed the Fifth Circuit that it only appealed attorney's fees "in an abundance of caution (to avoid any possible issue of waiver)" (Appeal #20-40411, Motion for Leave Under Rule 28.1(c)(5) at p. 6). In granting a separate motion to supplement by Sea Wasp, the Fifth Circuit took "no position" on whether this Court could rule on the attorney's fees issue (Dkt. #436). However, the Fifth Circuit did admonish Domain Protection for its failure to observe procedural and jurisdictional rules governing its appeal. *Id.*

By Domain Protection's own account, Domain Protection does not yet appeal attorney's fees. Although Domain Protection technically filed a notice of appeal for the issue of attorney's fees, it expressly excludes this issue in its appellate briefing. Because the issues on appeal exclude attorney's fees, the Court retains jurisdiction over attorney's fees. Accordingly, the Court has jurisdiction to rule on Domain Protection's Motion.

## II. Merits

Turning to the merits, the Court finds that Domain Protection already had an opportunity to be heard on the issue of Schepps's reputation.[1] Generally, parties are entitled to be heard if the Court takes judicial notice of an adjudicative fact outside the record. FED R. EVID. 201(e). But here, Domain Protection already briefed the Court on Schepps's reputation in its Motion to Alter (Dkt. #431 at p. 6).

---

[1] For simplicity, the Court assumes it took judicial notice when it referenced Schepps's reputation, though this is doubtful because the Court only referenced his reputation by citing cases from other judges.

The Court referenced Schepps's reputation throughout its Orders denying attorney's fees and reconsidering the denial. This information went directly to calculating a reasonable billable rate for attorney's fees, as is required by law under a *Johnson* analysis. *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). In determining that $250 is a reasonable rate for Schepps, the Court noted Schepps's "'suspect reputation'; his inexperience as a trial attorney; and how he "antagonized opposing counsel, and disrupted the orderly flow of the Court's docket" (Dkt. #429). In response, Domain Protection accused the Court of being a "prosecutor judge . . . ruling upon the Court's own personal beliefs" (Dkt. #431 at p. 4-5). The Court then "identified numerous cases where Schepps was admonished for unprofessional conduct, to contextualize its finding that $250 is a reasonable rate" (Dkt. 429 at p. 16). Indeed, "rarely has a court been able to cite to so many cases directly criticizing an attorney's conduct . . . a federal court citing an attorney's misconduct in a string cite is not normal" (Dkt. #434 at p. 9).

Domain Protection argues it was not provided an opportunity for a "first bite" at arguing about Schepps's reputation, but the parties already litigated the issue when they briefed a reasonable rate for attorney's fees (Dkt. #437 at p. 1). In Domain Protection's Motion to Alter, it criticized the Court for "reaching its determination of Mr. Schepps' reputation [without looking] to the evidence submitted by the parties for consideration" (Dkt. #431 at p. 6). Further, Domain Protection took issue with the Court "injecting [personal knowledge] into its decisions," arguing the Court would have reached a different conclusion had it "dug a little deeper" into Schepps's professional reputation (Dkt. #431 at p. 7). But Domain Protection itself cited the same cases the Court cited as examples of Schepps's past questionable behavior (Dkt. #431 at p. 7). And Domain Protection directly confronted the Court's conclusion that Schepps's had a "questionable reputation" (Dkt. #431 at p. 8). This argument is sufficient to satisfy the standard set by Rule

201(e). FED R. EVID. 201(e).

The Court heard argument by Domain Protection on Schepps's reputation and found it unpersuasive.  As the Court already heard argument regarding proper attorney's fees for Schepps, Doman Protection is not entitled to further briefing on the matter.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Request to Be Heard on the Propriety of Taking Judicial Notice (Dkt. #437) is **DENIED**.

**SIGNED this 13th day of April, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE